UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOBBY DARRELL COLBERT,

        Petitioner,

v.

SCOTT SPEER,

        Respondent.

CASE NO. 2:24-cv-02143-JLR-BAT

**REPORT AND RECOMMENDATION**

        Petitioner, a state prisoner at the Stafford Creek Corrections Center, is serving a sentence imposed by the Skagit County Superior Court on March 31, 2005 in case number 04-1-00497-6. Dkt. 6. Using a form 28 U.S.C. § 2254 habeas petition, Petitioner again challenges his Skagit County conviction and sentence arguing this time the state trial court violated his Sixth and Fourteenth Amendment rights by failing to provide counsel at arraignment. Plaintiff also attached motions for a "Brady Order," Standby Counsel, Judicial Notice, Certification and to show cause. *Id.*

        The Court has reviewed the habeas petition and recommends:

        (1)    Although Petitioner submitted a form § 2241 habeas petition, "28 U.S.C. § 2254 is the exclusive vehicle for a habeas relief that is available to him because he is a prisoner serving a sentence pursuant to a state court judgment. *White v. Lambert*, 370 F.3d 1002, 1009-10

REPORT AND RECOMMENDATION - 1

(9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall,* 603 F.3d 546 (9th Cir. 2010) (en banc). The Court thus finds Petitioner's request for habeas relief corpus should be deemed as brought under 28 U.S.C. § 2254.

    (2)    Since 2008, Petitioner has filed eleven federal habeas petitions in this Court challenging his Skagit County conviction and sentence in case number 04-1-00497-6. The present habeas seeking relief from this conviction should thus be dismissed as a successive petition. *See Colbert v. McDonald*, C08-0870-RSL; *Colbert v. Sinclair*, C11-0076-RSM; *Colbert v. Glebe*, C12-0563-RAJ; *Colbert v. Gilbert*, C16-1247-JLR; *Colbert v. Gilbert*, C16-1663-RSL; *Colbert v. Haynes*, C18-1350-RSM, *Colbert v. Haynes*, C19-0467-RAJ; *Colbert v. Bennett*, C23-1122-JNW; *Colbert v. Bennett*, C24-0889-LK; *Colbert v. Bennett*, 24-1002-DGE-TLF; and *Colbert v. Bennett*, 24-1439-DGE.

    Under 28 U.S.C. § 2244(b)(2), the Court must dismiss a successive petition unless the petitioner can show (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." *See* § 2244(2).

    Petitioner fails to satisfy these standards. He claims he was denied counsel at arraignment. This is a fact he knew about more than 20 years ago and a claim that does not rely upon a new rule of constitutional law. Thus, under § 2244(b)(3)(A), this Court lacks jurisdiction to consider this petition unless the Ninth Circuit Court of Appeals has authorized its filing and Petitioner presents nothing showing such authorization has been granted.

    (2)    Additionally, because Petitioner raises a claim he knew about over twenty years ago, his habeas petition is time-barred. A habeas petition filed by persons imprisoned under a state court judgment is subject to a one-year statute of limitations. Under 28 U.S.C. §

REPORT AND RECOMMENDATION - 2

2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See* 28 U.S.C. § 2244(d)(1) and (2).

Petitioner's judgment became final in 2008 when the Washington Supreme Court denied discretionary review of the Court of Appeals' denial of a personal restraint petition. *See Colbert v. McDonald*, C08-0870-RSL. Petitioner failed to raise the present claim in his first federal habeas petition, although he could have because he obviously knew in 2008 whether he was represented by counsel or not at his arraignment hearing. There are thus no legal or equitable grounds to permit him to now raise the claim in an untimely manner.

For the foregoing reasons, the Court recommends the present habeas petition be dismissed with prejudice.

(3)   If the Court dismisses this case and Petitioner wishes to appeal the dismissal of his § 2254 habeas petition, he may do so only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only if Petitioner makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Petitioner may satisfy this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Issuance of a COA should be denied because no reasonable jurist would disagree the

REPORT AND RECOMMENDATION - 3

present habeas petition is both successive and time-barred. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

(4)    This Report and Recommendation is not an appealable order. Therefore, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **January 24, 2025.** The Clerk shall note the matter for **January 24, 2025**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 10th day of January, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4