UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOBBY DARRELL COLBERT,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>SCOTT SPEER,<br><br>　　　　　　Respondent. | CASE NO. C24-2143JLR<br><br>ORDER |

## I.　INTRODUCTION

Before the court is United States Magistrate Judge Brian A. Tsuchida's report and recommendation, in which he recommends that the court dismiss with prejudice Petitioner Bobby Darrell Colbert's 28 U.S.C. § 2254 petition for a writ of habeas corpus. (RR (Dkt. # 11); *see also* Petition (Dkt. # 6).)[1] On January 22, 2025, Mr. Colbert timely

---

[1] Mr. Colbert requested habeas relief under 28 U.S.C. § 2241. (*See generally* Petition.) However, as Magistrate Judge Tsuchida stated in his report and recommendation, Mr. Colbert seeks to challenge a sentence imposed by a state court. (*See* RR at 1-2.) Accordingly, the court construes his petition as a request for habeas relief 28 U.S.C. § 2254. *See Dominguez v. Kernan*,

objected to the report and recommendation. (Objections (Dkt. # 12); *see also* RR at 4 (setting January 24, 2025 objection deadline).) On February 5, 2025, before the court considered the report and recommendation, Mr. Colbert moved for relief from judgment (Mot. (Dkt. # 13)) and filed a notice of appeal to the Ninth Circuit (NOA (Dkt. # 14.)).

Having reviewed the report and recommendation, Mr. Colbert's submissions, the relevant portions of the record, and the governing law, the court ADOPTS Magistrate Judge Tsuchida's report and recommendation, DISMISSES Mr. Colbert's petition for a writ of habeas corpus with prejudice, DENIES issuance of a certificate of appealability, and DENIES Mr. Colbert's motion for relief from judgment.

## II.    ANALYSIS

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). An objecting party must file "specific written objections" to the magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also*

---

906 F.3d 1127, 1136 (9th Cir. 2018) ("§ 2254 is the exclusive vehicle for prisoners in custody pursuant to a state court judgment who with to challenge anything affecting that custody.") (cleaned up).

28 U.S.C. § 636(b) (same).  In so doing, the district court need not "explicitly address" a party's objections.  *United States v. Ramos*, 65 F.4th 427, 437 (9th Cir. 2023).  Instead, if a district court overrules filed objections, the court need only "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[] the magistrate judge's analysis in [the] report and recommendation."  *Id.* at 433.

A report and recommendation is not an appealable order, and thus Mr. Colbert's notice of appeal is premature and does not divest this court of jurisdiction over this matter.  *See Burnside v. Jacquez*, 731 F.3d 874, 875 (9th Cir. 2013) ("A notice of appeal from a magistrate judge's report and recommendation is ineffective."); (*see also* RR at 4 (instructing Mr. Colbert that he "should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case")).

Here, as Magistrate Judge Tsuchida noted, Mr. Colbert has filed eleven other federal habeas petitions in this district challenging his state court conviction and sentence, and the court must dismiss Mr. Colbert's latest successive petition.  (*see* RR at 2 (citing prior petitions)); *see also* 28 U.S.C. § 2244(b)(2) (requiring courts to dismiss successive petitions except to the extent that a petition includes a claim that relies upon (a) a new, retroactive, and previously-unavailable rule of constitutional law; or (b) facts that could not have been discovered previously through due diligence, and that would establish by clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the underlying offense but for constitutional error).  Mr. Colbert does not direct the court to any new rules of constitutional law or facts that would

1    satisfy the exceptions in 28 U.S.C. § 2244(b)(2).  Moreover, Mr. Colbert filed his petition

2    for a writ of habeas corpus on December 20, 2024, long after the applicable one-year

3    statute of limitations expired.  (*See* RR at 3 (noting that Mr. Colbert's petition is time-

4    barred because his direct appeal concluded in 2008 after the Washington Supreme Court

5    denied discretionary review)); 28 U.S.C. § 2244(d)(1) (providing for a one-year

6    limitations period for petitions under 28 U.S.C. § 2254).

7        Mr. Colbert's objections do not address either basis for Magistrate Judge

8    Tsuchida's report and recommendation, and they contain no legal or factual analysis

9    addressing why the report and recommendation was incorrect.  (*See generally*

10   Objections.)  Accordingly, the court overrules the objections.  The court adopts the report

11   and recommendation.  The court also denies issuing a certificate of appealability because

12   Mr. Colbert has not demonstrated that reasonable jurists could disagree either that his

13   petition was successive or that it was time-barred.  *See* 28 U.S.C. § 2253(c); *Miller-El v.*

14   *Cockrell*, 537 U.S. 322, 327 (2003).

15       Separately, in his motion for relief from judgment, Mr. Colbert asked the court "to

16   vacate the order adopting [the] report and recommendation" under Federal Rule of Civil

17   Procedure 60(b)(3) based upon allegations of fraud.  (Mot. at 1-2.)  However, Mr. Colbert

18   sought relief before the court adopted Magistrate Judge Tsuchida's report and

19   recommendation.  (*See generally* Dkt.)  Because the report and recommendation is not a

20   final judgment or order, *see Demorest v. Ryan*, 156 F. App'x 931, 932 (9th Cir. 2005)

21   (noting that "a magistrate judge's report and recommendation" is "a nonfinal order"), the

22   court denies as premature Mr. Colbert's motion for relief under Rule 60.

## III. CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1. The court ADOPTS the report and recommendation (Dkt. # 11) in its entirety;

2. The court DISMISSES Mr. Colbert's habeas corpus petition (Dkt. # 6) with prejudice;

3. The court DENIES issuance of a certificate of appealability for the reasons set forth above and in the report and recommendation;

4. The court DENIES Mr. Colbert's motion for relief from judgment (Dkt. # 13); and

5. The court DIRECTS the Clerk to send copies of this order to Mr. Colbert and Magistrate Judge Tsuchida.

Dated this 7th day of February, 2025.

JAMES L. ROBART
United States District Judge